# Hickory and Shenango Township Road.

*Road law — Viewers—Petition—Order—Clerical error — State road—Jurisdiction.*

Where a petition in a road proceeding prays for the appointment of viewers to view and vacate a road, and the order appoints viewers to view, and if they deem proper to vacate the road, a mere recital in the order that the petition prayed for the appointment of viewers to "view and lay out" the road is not fatal to the proceedings after the viewers have reported in favor of vacating the road.

A statement in an order appointing viewers that they are "to view the ground proposed for vacating the said road," is not ground for setting aside a report in favor of the vacating of the road, where the evident intention was that the viewers were to view the ground occupied by the road proposed to be vacated.

The Court of Quarter Sessions commits reversible error in dismissing proceedings to vacate a public road for lack of jurisdiction, on the ground that the road in question was a State road directed to be laid out under the Act of April 16, 1838, P. L. 649, on the boundary line between Beaver and Mercer Counties, where the record shows that the road in question was laid out in proceedings in the Quarter Sessions in 1905, along the boundary line between two townships, but there is nothing to show that any road had been laid out as provided by the Act of 1838, or that the road in question was located in the same place as the road provided by the Act of 1838.

Argued April 15, 1918.   Appeal, No. 79, April T., 1918, by Thomas Kennedy, from order of Q. S. Lawrence Co.,

June T., 1915, No. 1, dismissing proceedings In re Petition for Vacation of Public Road in Hickory and Shenango Township. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Petition for the vacation of a public road.

The court in an opinion by EMERY, P. J., dismissed the proceedings on the ground that the road in question was a State road, as to the vacation of which the court had no jurisdiction.

*Error assigned* was order dismissing the proceedings.

*John P. Lockhart,* with him *George T. Weingartner* and *J. Roy Mercer,* for appellant.

*J. Norman Martin,* of *Martin & Martin,* for appellee.

OPINION BY TREXLER, J., July 10, 1918:

This is a proceeding for the vacation of a public road. The first question is the sufficiency of the order to view. By inadvertence in the order to view the reference to the petition which was the foundation of the proceedings recites that the petition asked for the appointment of persons "to view and lay out." The order of court, however, correctly states that the viewers shall view for the purpose of vacating. The error in the recital is preceded by allegations that the road is useless and burdensome and there are facts stated in support of this assertion. Taken as a whole the purpose of the entire document is manifest and the order being clearly an order to view for the purpose of vacating, there is no reason for setting it aside because of a misstatement in the recital which is manifestly a mere clerical error.

The order states that the viewers are to view the ground proposed for vacating the road. The idea is not happily expressed but there can be no doubt the evident intention is that the viewers are to view the ground oc-

cupied by the road proposed to be vacated. We do not think there is any merit in either of these objections.

The other question is, was the road sought to be vacated a State road or a county road? The court held that it was a State road, and that, therefore, it had no jurisdiction to vacate under the proceedings in the case. By a special Act of April 16, 1838, P. L. 649, Section 41, a State road is directed to be laid out "along or as near the boundary line between Beaver and Mercer Counties as the nature of the ground and other circumstances will admit." In the present proceedings the allegation is made that the road sought to be vacated was laid out by the court in 1905 on the boundary line between Hickory and Shenango Townships, and the court took judicial notice of the fact that the line between the townships formed part of the county line between Beaver and Mercer Counties. The learned judge of the court below took the position that the two proceedings covered the same road and decided that he had no jurisdiction, for under the law a State road cannot be vacated unless some other road at the same time is opened to supply the road that is abolished: Act of June 13, 1836, P. L. 551, Section 20. In this we think there was error. There was no exception filed to the report of the viewers on this ground and of course no depositions taken to show what the facts were. The court, however, as stated, assumed the identity of the State road mentioned in the 1838 Act, supra, with the road opened under the view of 1905. We do not know whether the State road was ever opened, and we cannot be sure that the road in question was located in the same place as the State road. "The county line" was not an absolute fixing of the location of the road. The road could depart from that line as circumstances required. It is presumed that the proceedings in 1905 were regular. All that is before us, or was before the lower court, are the record papers. Certainly if there is any presumption, it would be that the proceedings to open in 1905 were not taken to open a road al-

206, (1918).]        Opinion of the Court.

ready opened, and the road being opened by the Court of Quarter Sessions it is presumably a county road. In any event, upon the face of the record, we do not see any reason to challenge the jurisdiction of the court to confirm the present report of viewers. To support a contrary conclusion it should appear by the record that the road to be vacated actually is part of a State road.

The first, second, third, fourth and sixth assignments of error are sustained, the order is reversed, and the record remitted to the court below with a procedendo.